NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| LIPSKI, et al., | x | Hon. Stanley R. Chesler, U.S.D.J. |
| plaintiffs, | x | |
| v. | x | Civil Action No. 04-6009 |
|  | x | **OPINION** |
| VANSELOUS, et al., | x | |
| defendants. | x | |

**CHESLER, District Judge**

**I.    INTRODUCTION**

In this car accident case, plaintiffs Boris Lipski and his wife, Natasha Lipski, have sued defendants Mark Vanselous and Gerald Collincini. Plaintiffs allege that defendant Vanselous rear-ended defendant Collincini, pushing his vehicle into the lane of oncoming traffic in which plaintiff Boris Lipski was traveling, causing a second collision and injuring Mr. Lipski. Plaintiffs move for summary judgment against defendant Vanselous finding him 100% at fault for their injuries. Defendant Gerald M. Collincini joins in plaintiffs' motion. For the following reasons, the motion is granted.

**II.    FACTS**

At about 2:00 p.m. on August 10, 2004, Gerald Collincini was driving his Jeep Cherokee eastbound on Route 537 toward Freehold, New Jersey, (see July 15, 2005 deposition of Gerald Collincini ("Collincini Dep.") at 21:6 - 22:24.) when he stopped and applied his directional

signal to turn left onto Thompson Grove Road (id. at 27:6-9). Mr. Collincini testified there was no other eastbound traffic on Route 537 but the road was packed with cars traveling westbound. (Id. at 24:12-14.) Mr. Collincini testified he was stopped for about twelve seconds (id. at 32:16-21; 83:12-18), his car was situated entirely within the eastbound lane (id. at 80:9-12), and his wheels were straight and not at all turned to the left (id. at 33:17-20). While Mr. Collincini waited for westbound traffic to clear, he noticed in his rearview mirror defendant Mark Vanselous' car approaching. (Id. at 27:10-20.) Mr. Collincini recalls thinking that the approaching car was not stopping or slowing down and then "boom, he got me from behind." (Id. at 28:18-29:5.) He testified that the collision pushed his car into the westbound lane of Route 537. (Id. at 80:17-21.)

Defendant Vanselous testified that, at the time of this collision, he was traveling eastbound at between 45 and 50 miles per hour. (See July 15, 2005 Deposition of Mark Vanselous ("Vanselous Dep.") at 35:19.) He recalled that westbound traffic was very heavy with not much other traffic in the eastbound lane. (Id. at 37:3-10.) He testified the Jeep was approximately 50 feet or less away when he first noticed it and it appeared to be going slow. (Id. at 39:21-24.) He stated that since the Jeep was going slow, he needed to take some action to avoid collision. (Id. at 40:3-41:6.) He stated the Jeep was coming "to what I considered to be an abrupt stop. I saw that–I don't remember seeing any lights, brake lights, or even a turning light. I hit the brakes, I tried to swerve to the right, and then I had impact." (Id. at 39:14-20.) Although he characterized the Jeep's stop as "abrupt," defendant Vanselous stated he stated he could not estimate its speed (id. at 40:3-10) and could not say whether or not it had actually stopped at the

time of the collision (<u>id.</u> at 81:13-82:9).[1]  In this regard, defendant Vanselous testified as follows:

> Q: You mentioned that you don't recall seeing any sort of stop lights, is that correct?
>
> A: Correct.
>
> Q: Is it possible that the Cherokee did have stop lights on and you just don't remember them being there?
>
> A: It's possible.
>
> Q: You also mentioned that you don't recall seeing the turn signal?
>
> A: Correct.
>
> Q: Are you stating that there was no turn signal or it's possible there was a turn signal and you didn't observe it, or you don't remember it?

---

[1]Specifically, defendant Vanselous testified as follows:

> Q: Are you able to tell whether the Cherokee was still moving at the time of the accident?  I think you testified to that earlier.  How were you able to tell the Cherokee was still moving when you saw it?
>
> A: Well, to be honest with you, I can't tell you if it was exactly moving or coming to a stop.  It was slowing down.  That's what I remember, it was slowing down.  I don't know if it came to a stop.  I just remember it slowing down and me hitting the brakes.
>
> Q: So you definitely testified today that it was moving when you saw it?
>
> . . .
>
> THE WITNESS:    No.

(Vanselous Dep. at 81:11-23)

3

> A: I don't remember it.
>
> Q: You can't state with any certainty either way whether or not the stop lights were on or whether the turn signal was on?
>
> A: Correct.

(Id. at 43:12-44:6.)  Defendant Vanselous testified that he did not remember whether or defendant Mr. Collincini's Jeep had crossed the center lines into the westbound lane at the time of this collision.  (Id. at 45:22-46:1.)

Plaintiff Boris Lipski was driving westbound on Route 537 at approximately 45 miles per hour as he approached the location where defendant Vanselous hit defendant Collincini's car. (See July 15, 2005 deposition of Boris Lipski ("Lipski Dep.") at 17:19-18:2.)  Plaintiff testified he saw defendant Collincini's Jeep enter his lane of travel just one car length away from him. (Id. at 22:1-4.)  Plaintiff stated he barely had time to react (id. at 20:20-24) but began to brake very hard (id. at 23:20).  Plaintiff's car then hit the Jeep (id. at 23:17-24) and plaintiff was knocked unconscious (id. at 27:13-15).  His vehicle ended up in a body of water at the side of the roadway.  (Id. at 28:2-9.)  Defendant Collincini, testified that plaintiff did nothing to contribute to the accident and "[a]ll that guy was doing was driving down 537 in a line of traffic." (Collincini Dep. at 82:7-11.)

In the instant motion, plaintiff argues that summary judgment as to liability against Vanselous is appropriate because the undisputed evidence shows he was "driving too fast and/or not paying adequate attention to the road in font of him as he could not stop his vehicle within the assured clear distance ahead of him." (Plaintiff's Brief at 7.)

In his opposition, Mr. Vanselous argues there are several issues of material fact that

preclude summary judgment. First, he argues neither he nor the plaintiff could say whether or not Mr. Collincini's directional signal was on at the time he hit Mr. Collincini's car. (Vanselous' Brief at 5.) Second, Mr. Vanselous' testimony that Mr. Collincini came to an abrupt stop conflicts with Mr. Collincini's testimony that he was stopped for approximately 12 seconds. (Id.) Defendant Vanselous argues this creates a material fact upon which a reasonable fact finder could find Mr. Collincini contributorily negligent. (Id.) Third, since defendant Collincini's car entered the westbound lane after Mr. Vanselous hit him, defendant Vanselous argues "it is possible that [Mr.] Collincini had his wheels turned to the left while waiting for the turn." (Id. at 5-6.) Had Mr. Collincini's wheels been straight, Mr. Vanselous argues, he would arguably not have been pushed into oncoming traffic, thus avoiding the collision with plaintiff. (Id. at 6.) Defendant Vanselous argues these issues are sufficient that a reasonable jury could attribute responsibility for plaintiff's damages to Mr. Collincini. (Id. at 7.) Accordingly, he argues the Court should deny summary judgment.

In its reply, plaintiff cites the absence of evidence to support all of defendant Vanselous' argued issues of material facts. Moreover, plaintiff argues that, even if Mr. Collincini's wheels were turned to the left at the time of the collision, he cannot be held responsible for a subsequent accident that occurs as a result of him being rear-ended. (Reply at 9-10.)

### III.   DISCUSSION

"Summary judgment is proper if there is no genuine issue of material fact and if, viewing the facts in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law." Pearson v. Component Tech. Corp., 247 F.3d 471, 482 n.1 (3d Cir. 2001) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)); Fed. R. Civ. P. 56(c).

Thus, a court will enter summary judgment only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). To raise a genuine issue of material fact, "'the [summary judgment] opponent need not match, item for item, each piece of evidence proffered by the movant,' but simply must exceed the 'mere scintilla' standard." Petruzzi's IGA Supermarkets, Inc. v. Darling-Delaware Co., Inc., 998 F.2d 1224, 1230 (3d Cir.), cert. denied, 510 U.S. 994 (1993); see also Anderson, 477 U.S. at 252 (holding "[t]he mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]."). It is incumbent upon the party opposing the motion to "do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Rather, "[t]here must be sufficient evidence for a jury to return a verdict in favor of the non-moving party; if the evidence is merely colorable or not significantly probative, summary judgment should be granted." Armbruster v. Unisys Corp., 32 F.3d 768, 777 (3d Cir. 1994). With these principles in mind, the Court turns to defendant Vanselous' arguments in light of the evidence presented.

Simply put, the record evidence could not support a finding of contributory negligence on the part of defendant Collincini. First, there is no testimony to contradict Mr. Collincini's statement that he is certain that his directional was on when Mr. Vanselous' vehicle struck his. Nothing in the record supports the contention that Mr. Collincini's directional was not on. Rather, his statement is met only with the testimony of Mr. Vanselous and Mr. Lipski, neither of

whom could say whether or not the directional was on.  This testimony leaves Mr. Collincini's statement undisputed.

Second, the record testimony that Mr. Collincini's was "abrupt" is virtually non-existent. Defendant Vanselous himself testified that he could not tell whether or not Mr. Collincini's car was stopped when he first saw the car and that he immediately had to brake and make evasive maneuver to avoid collision.  The only reasonable inference from this testimony is that when defendant Vanselous first saw the Collincini vehicle, it was already stopped or was decelerating to a stop.  The Court is left with nothing, besides Mr. Vanselous' self-contradicted conclusion that he considered Mr. Collincini's stop to be abrupt.  This testimony does not meet the "mere scintilla" standard that this Court must find to defeat summary judgment.  Petruzzi's, 998 F.2d at 1230.  Based on this, no reasonable fact-finder could apportion fault to Mr. Collincini and defendant Vanselous has failed to demonstrate a genuine issue of material fact as to whether or not Mr. Collincini exercised reasonable care in slowing or stopping to make the left-hand turn. Even if the Court were to accept the idea that defendant Collincini's stop was abrupt, it must also recognize the horn-book New Jersey law regarding rear-end collisions.  In Dolson v. Anastasia, , the New Jersey Supreme Court recognized:

> [i]t is elementary that a following car in the same lane of traffic is obligated to maintain a reasonably safe distance behind the car ahead, having due regard to the speed of the preceding vehicle and the traffic upon the condition of the highway.  Stackenwalt v. Washburn, 42 N.J. 15, 30, 198 A.2d 454 (1964).  Failure to do so resulting in a collision, is negligence and a jury should be so instructed.

55 N.J. 2, 10-11 (1969).  In short, had the Court found defendant Vanselous' testimony to create an issue of fact, it would not be material because of the rear-end nature of his collision with

defendant Collincini.

Third, the testimony regarding whether or not defendant Collincini's wheels were turned to the left when Mr. Vanselous hit him is uncontroverted. The mere fact that defendant Collincini's car entered the westbound lane after defendant Vanselous hit is not evidence of fault on his part. The only evidence on the issue is defendant Collincini's testimony that his wheels were not turned to the left. Neither the plaintiff nor defendant Vanselous could say one way or the other whether defendant Collincini's wheels were prematurely turned. See Housel v. Theodoridis, 314 N.J. Super. 597, 605 (App. Div. 1998) (holding, in a rear-end collision case, that defendant's negative response in depositions to the question "[d]id you see [plaintiff's] brake lights on, did you notice?" was insufficient to create an issue of fact as to whether or not plaintiff's break lights were functioning, and summary judgment as to liability against defendant was proper). Defendant Vanselous' argument that "it is possible" Collincini's wheels were turned to the left is unavailing. To defeat plaintiff's summary judgment motion, he must present evidence demonstrating more than a mere "metaphysical doubt as to material facts," Matsushita, 475 U.S. at 586, and he has failed to do so here.

Given the lack of evidence on the issue, the Court need not decide whether or not defendant Collincini's wheels being turned to the left when defendant Vanselous hit him is material. Compare Ross v. Szoke, 763 N.Y.S.2d 389, 390 (N.Y. App. Div. 2003) (holding that a motorist, who was stopped at an intersection and waiting to turn when he was hit from behind, had no legal duty to anticipate that a rear-end collision would occur and no duty to keep the car's wheels straight to avoid being pushed into oncoming traffic by such a collision), Stretch v. Tedesco, 693 N.Y.S.2d 203 (N.Y. App. Div. 2d Dept. 1999) (same), and Fiscella v. Gibbs, 609

N.Y.S.2d 713 (N.Y. App. Div. 2d Dept. 1999) (same); with Piotrowski v. Nye, 692 N.Y.S.2d 270 (N.Y. App. Div. 4th Dept. 1999) (holding that "[t]o conclude as a matter of law that it was not foreseeable that 'a vehicle, lawfully stopped and waiting in traffic to make a left turn across traffic,' might be struck from behind . . . defies common experience."). Had it reached the issue, however, the Court would hold that Mr. Collincini did not have a duty to westbound drivers to keep his wheel turned straight to avoid being pushed into oncoming traffic in the event he was rear-ended. Thus, even if there was sufficient evidence to create an issue of fact on this point, the issue would not be material and summary judgment would still be proper.

## IV. CONCLUSION

After careful consideration of the record, given the absence of evidence sufficient to create a material issue of fact, and for all of the reasons set forth above, plaintiffs' motion for summary judgment is granted. An appropriate Order will follow.

January 18, 2006

/s/Stanley R. Chesler
United States District Judge